UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL DIVISION

CASE NO.: 24-cv-21477-JB

MS LEISURE CORPORATION,

    Plaintiff,

v.

MIAMI-DADE COUNTY, FLORIDA,

    Defendant.
_____/

**UNOPPOSED MOTION TO WITHDRAW, WITHOUT PREJUDICE,
MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff, MS Leisure Corporation ("MS Leisure"), moves to withdraw, *without prejudice*, its *Motion for Temporary Restraining Order* filed against Miami-Dade County (the County") on April 26, 2024.  See [D.E. 7].  In support thereof, MS Leisure states the following:

1. MS Leisure operates a marine life park commonly known as the Miami Seaquarium (the "Seaquarium"), which currently houses over 1,000 animals, mammals, birds, fish, and invertebrates.

2. The Seaquarium sits on 38 acres of oceanfront land owned by the County.

3. In March of 2022, the County transferred the right to use the land where the Seaquarium sits on from a prior operator to MS Leisure.

4. The County found that MS Leisure, through its parent company, The Dolphin Company, had extensive expertise in the operation of zoos and aquariums.

5. Prior to finalizing the lease, the United States Department of Agriculture required MS Leisure to secure a Class C exhibitor's license.

6. Many animals housed at the Seaquarium are regulated by federal statutes, such as the Endangered Species Act ("ESA"), 16 U.S.C. § 1538-1544, and the Migratory Bird Treaty Act ("MBTA"), 16 U.S.C. § 703-712, *inter alia*.

7. Currently, MS Leisure is the only entity licensed by any federal agency to operate the Seaquarium and care for the animal housed therein.

8. When MS Leisure began operating the Seaquarium, the County was incredibly pleased with MS Leisure's investment in the Seaquarium.

9. The County's relationship with MS Leisure changed in December 2023, when The Dolphin Company's CEO criticized the County.

10. In March 2024, the County sent a letter demanding that MS Leisure surrender possession of the Seaquarium no later than April 21, 2024.

11. MS Leisure was deeply concerned about the County's decision because the County failed to delineate *any plan* for the care of animals.

12. MS Leisure reached out to the County on several occasions to coordinate a meeting and attempt to iron out any issues between the parties.

13. However, the County's decision-makers refused to meet.

14. Instead, the County re-affirmed its expectation for MS Leisure to vacate the premises by Sunday, April 21, 2024. [D.E. 1, ¶ 138].

15. On April 15, 2024, MS Leisure's reached out to the County again to resolve their issues, but the County did not respond.

16. Accordingly, on April 19, 2024, MS Leisure filed the Complaint in the instant action seeking, *inter alia*, protection for the animals under the ESA and MBTA, including injunctive and declaratory relief.

17. MS Leisure argued that ejecting the company, its trainers, and staff from the property, without any plan for the animals, would be detrimental to the animals and violate federal law.

18. After filing the Complaint, MS Leisure emailed a copy to the County and stated that it would be seeking a Temporary Restraining Order, precluding the County from ejecting MS Leisure from the premises on April 21, 2024.

19. The County responded on April 22, 2024, by serving MS Leisure with a Notice of Eviction, seeking to *promptly pursue* an eviction action and immediately remove MS Leisure from the property.

20. MS Leisure was extremely concerned because state law does not set time restrictions on the speed in which a *commercial* lessor can move for eviction, nor any time restrictions on an order requiring the lessee to vacate the premises.

21. Based on the County's threat, MS Leisure sought a temporary restraining order from this Court, precluding the County from: (i) "taking" protected animals in violation of federal law; (ii) evicting or ejecting MS Leisure from the Miami Seaquarium; or (iii) closing the Miami Seaquarium – unless and until it received permission from the Court *and* all appropriate federal agencies.

22. After MS Leisure filed its motion for TRO, the County made certain representations to MS Leisure and the Court, vowing to protect the animals at the Seaquarium – which alleviated the need for immediate intervention by the Court, at least for the moment.

23. While conferring on this motion, the County committed to abiding by the representations made in its *Response in Opposition to the TRO motion*, see [D.E. 14], where it stated:

      a. The County has licenses to possess animals covered by both the ESA and MBTA.

      b. The County is committed to following the law to ensure the safe care of the animals under these unique circumstances.

      c. The County has in-house experience in caring for endangered species.

      d. The County has the ability to marshal resources for specialty services needed during any transition.

[D.E. 14, pg. 5-6, 9].

24. At this point, MS Leisure must assume that the County made the abovementioned representations to MS Leisure and the Court regarding the animals <u>currently housed</u> at the Seaquarium.[1]

25. Based on the County's representations, MS Leisure voluntarily withdraws its Motion for TRO, [D.E. 7], *without prejudice*, and specifically retains the right to re-file the same or similar motion should the need arise.

WHEREFORE, Plaintiff, MS Leisure respectfully requests that this Honorable Court enter an Order granting its motion to withdraw, *without prejudice*, its *Motion for Temporary Restraining Order*, [D.E. 7].

                Respectfully submitted,

                Hilton Napoleon, II, Esq., FBN 17593
                Hilton Napoleon, II, P.A.
                237 South Dixie Hwy., 4th Floor
                Coral Gables, Florida 33133
                Telephone: 305-510-7106
                hilton@napoleonfirm.com
                hiltonnapoleoniipa@gmail.com

                *Counsel for the Plaintiff, MS Leisure Corp.*

---

[1] Otherwise, such information is irrelevant to the issues here.

By: /s/ *Hilton Napoleon, II*
Hilton Napoleon, II

### CERTIFICATE OF GOOD FAITH CONFERRAL

In accordance with Local Rule 88.9, the undersigned hereby certifies that, prior to filing this motion, he conferred via telephone and email on May 16, 2024, with Melanie Spencer, Esq., who does not object to the relief requested in this motion.

By: */s/ Hilton Napoleon, II*
Hilton Napoleon, II

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of May 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which served the parties who are currently on the list to receive e-mail notice/service for this case, and that I served all counsel or parties who are not authorized to receive electronically Notices of Electronic Filing in some other authorized manner, if applicable.

By: */s/ Hilton Napoleon, II*
Hilton Napoleon, II